# FILED

AUG 11 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN DIST. OF CALIF.** |
|---|---|

| Name (under which you were convicted): **CRAIG CHAN** | Docket or Case No.: **CC109395** |
|---|---|

| Place of Confinement : **C.S.A.T.F. & STATE PRISON P.O. BOX 5242 CORCORAN CA 93212** | Prisoner No.: **T-42674** |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **CRAIG CHAN** v. | **KEN CLARK, et al** |

| The Attorney General of the State of **CALIFORNIA** | 2:08-CV-185 GGH |
|---|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **SANTA CLARA COUNTY SUPERIOR COURT
   190 W. HEDDING STREET
   SAN JOSE, CA 95110**

   (b) Criminal docket or case number (if you know): **CC109395**

2. (a) Date of the judgment of conviction (if you know): **JANUARY 24, 2002**

   (b) Date of sentencing: **JANUARY 24, 2002**

3. Length of sentence: **16 (SIXTEEN) YEARS**

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   **2 COUNTS OF PENAL CODE SECTION 261 (a)(2)**

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty    ☒ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   N/A

(c) If you went to trial, what kind of trial did you have? (Check one)   N/A

☐ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:  SIXTH APPELLATE DISTRICT COURT OF APPEAL

(b) Docket or case number (if you know):  UNKNOWN

(c) Result:  JUDGMENT AFFIRMED

(d) Date of result (if you know):  UNKNOWN

(e) Citation to the case (if you know): UNKNOWN

(f) Grounds raised:  UNKNOWN

(g) Did you seek further review by a higher state court?     ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **SANTA CLARA COUNTY SUPERIOR COURT**

    (2) Docket or case number (if you know): **CC109395**

    (3) Date of filing (if you know): **OCTOBER 9, 2007 (DECISION)**

    (4) Nature of the proceeding: **PETITION FOR WRIT OF HABEAS CORPUS**

    (5) Grounds raised: **1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

        **2. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: CALIFORNIA COURT OF APPEAL
SIXTH APPELLATE DISTRICT
(2) Docket or case number (if you know):
HO32368
(3) Date of filing (if you know):
JANUARY 15, 2008 (DECISION)
(4) Nature of the proceeding:
PETITION FOR WRIT OF HABEAS CORPUS
(5) Grounds raised:

   1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

   2. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: CALIFORNIA SUPREME COURT

(2) Docket or case number (if you know):
S160432
(3) Date of filing (if you know):
JULY 9, 2008 (DECISION)
(4) Nature of the proceeding:
(5) Grounds raised: PETITION FOR WRIT OF HABEAS CORPUS

   1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

   2. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

3. ON JULY 16, 2008, PETITIONER FILED A PETITION FOR RE-
HEARING IN LIGHT OF PEOPLE V. FRENCH CASE WHICH JEOPAR-
DIZED SENTENCES IN CALIFORNIA CASES BY INVALIDATING THE
STATUTORY METHOD USED BY TRIAL JUDGES TO IMPOSE UPPER TERM
AND CONSECUTIVE TERMS.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: PETITIONER WAS SENTENCED TO UPPER AND CONSECUTIVE SEN-
TENCES BY THE TRIAL COURT VIOLATING HIS RIGHTS TO DUE
PROCESS AND TRIAL BY JURY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court sentenced Petitioner to the upper term of eight
years for Counts 1 and 2 and ran them consecutively for a total
of 16 years. The court failed to clearly state all the laws on
which it imposed the upper and consecutive terms on both counts.
The record does not contain any suggestion that either party
understood that Petitioner, by pleading no contest, thereby ad-
mitted any factual issue relevant to imposition of sentence.
Although Petitioner's no contest plea on the 2 Counts constituted
an admission to all the elements of those offenses, it did not
constitute an admission to any aggravating circumstance.
Therefore, Petitioner's due process right to a trial by jury was
violated by the trial court.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

(c)     Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**On March 27, 2008, the California Supreme Court issued a ruling regarding sentencing which involved plea agreements. My appeal was filed and denied already.**

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial-court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **PETITION FOR WRIT OF HABEAS CORPUS (PETITION FOR REHEARING)**
Name and location of the court where the motion or petition was filed:

**CALIFORNIA SUPREME COURT**

**350 McALLISTER ST.-SAN FRANCISCO, CA 94102**
Docket or case number (if you know):

**S160432**
Date of the court's decision:
**July 9 & 18, 2008**
Result (attach a copy of the court's opinion or order, if available):

**DENIED**

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
**N/A**

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: **PETITION FOR WRIT OF HABEAS CORPUS FILED IN THE CALIFORNIA SUPREME COURT ON JULY 16, 2008**

GROUND TWO: **DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel advised Petitioner that if he did not enter into a plea agreement, he would spend the rest of his life in prison should he go to trial and be found guilty of crimes he did not commit. Therefore, Petitioner pleaded no contest to 2 Counts of Rape at the advise of his trial counsel.

However, Petitioner asserts the following:

a) Prior to this plea agreement, the prosecuting attorney offered a plea deal which consisted of 2 Counts of attempted sexual assault. Trial counsel failed to inform Petitioner of this plea deal yet turned it down and when it was revealed to Petitioner by the prosecutor, trial counsel tried to keep it from Petitioner.

(b) If you did not exhaust your state remedies on Ground Two, explain why: (continued on page 8a)

N/A

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

It was not part of the trial record.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Petition for Writ of Habeas Corpus**

Name and location of the court where the motion or petition was filed:

SIXTH APPELLATE DISTRICT COURT OF APPEAL, SAN JOSE, CA
CALIFORNIA SUPREME COURT - SAN FRANCISCO, CA
Docket or case number (if you know):
H032368 (APPELLATE COURT) AND S160432 (SUPREME COURT)
Date of the court's decision: JANUARY 15, 2008 AND July 9 & 18, 2008

b) Prior to this plea agreement, trial counsel failed to conduct a reasonable investigation into Petitioner's case which included an alibi defense.

c) Trial counsel failed to conduct a thorough investigation of relevant facts or laws in regards to Petitioner charges. There is no reasonable explanation for Petitioner agreeing to a "HIGH TERM" and consecutive sentence when a trial court is limited to a mid term sentence for a no contest plea.

d) Prior to sentencing, Petitioner attempted to withdraw his plea once he found out about the earlier plea agreement offered by the prosecutor but trial counsel refused to stating that the judge believed him to be guilty and would not allow it.

e) Petitioner requested trial counsel to file a Notice of Appeal because of the judges decision regarding his withdrawal of the plea agreement and while trial counsel promised he would, he did not.

f) During sentencing proceedings, the prosecutor told the Court that Penal Code section 654 did not apply to Petitioner's case. When trial counsel failed to motion the Court to conduct an inquiry as to whether this statement was true or not, he failed to effectively represent Petitioner, thereby denying due process.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
It was not part of the trial record and I raised it in a
Petition for Writ of Habeas Corpus.

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
I raised Ground 2 in a Petition for Writ of Habeas Corpus,
in the Superior, Appellate and Supreme Courts.

GROUND THREE:

DENIAL OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner informed his appellate counsel of ground two for
relief prior to the appeal was filed and yet, Appellate Counsel
failed to raise the issues on direct appeal. Appellate Counsel
also failed to raise the upper and consecutive term issues as
raised in Ground One.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

**N/A**

(c)    Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

**This ground is relating to the effectiveness of appellate counsel.**

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Petition for Writ of Habeas Corpus**

Name and location of the court where the motion or petition was filed:
**SIXTH APPELLATE DISTRICT COURT OF APPEAL
CALIFORNIA SUPREME COURT**

Docket or case number (if you know):
**H032368 (APPELLATE COURT) AND S160432 (SUPREME COURT)**
Date of the court's decision:
**JANUARY 15, 2008 AND July 9 and 18, 2008**
Result (attach a copy of the court's opinion or order, if available): **DENIED**

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND THREE WAS RAISED IN A PETITION FOR WRIT OF HABEAS CORPUS
IN THE SUPERIOR, APPELLATE AND SUPREME COURTS.

### GROUND FOUR:

NONE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:
**N/A**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**N/A**

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**N/A**

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☒ Yes   ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not .

        presenting them:   N/A

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

        NO

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: **PATRICK TONDREAU**
                            **170 PARK CENTER PLAZA - SAN JOSE, CA 95113**

(b) At arraignment and plea: **DEPUTY PUBLIC DEFENDER KIPP DAVIS**
                             **120 W. MISSION ST. - SAN JOSE, CA 95110**

(c) At trial: **N/A**

(d) At sentencing: **DEPUTY PUBLIC DEFENDER KIPP DAVIS**
                   **120 W. MISSION ST. - SAN JOSE, CA 95110**

(e) On appeal:     **JONATHAN GROSSMAN**
                   **100 N. WINCHESTER BLVD. - SANTA CLARA, CA 95050**

(f) In any post-conviction proceeding:

                   **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding:


17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

**N/A**


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**I have had some sort of a habeas petition pending in the courts or due to new case law. (People v. French which was decided in the California Supreme Court on March 27, 2008 and modified on April 23, 2008 regarding sentencing.)**

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

**REVERSE THE JUDGMENT AND REMAND FOR RE-SENTENCING ON THE PROPER TERM OF SIX YEARS, (MID-TERM) AND RUN COUNT 2 CONCURRENTLY WITH COUNT 1.**

or any other relief to which petitioner may be entitled.

N/A

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    **08-06-08**    (month, date, year).

Executed (signed) on    **08-06-08**    (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

Fed. Dist. Ct. Eastern Dist.

[insert appropriate court]

* * * * *

S160432

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re CRAIG CHAN on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

SUPREME COURT
**FILED**

JUL − 9 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
Chief Justice

IN THE SUPREME COURT OF THE

STATE OF CALIFORNIA


IN RE,

CRAIG CHAN,

ON HABEAS CORPUS.
_____/

NO. S160432

SANTA CLARA COUNTY SUPERIOR
COURT CASE NO. CC109395

RECEIVED

JUL 1 8 2008

CLERK SUPREME COURT


PETITION FOR REHEARING IN LIGHT OF THE RECENT DECISION
IN PEOPLE V. FRENCH, 43 CAL.4th 36, 73 CAL. RPTR. 3D 605
FILED MARCH 27, 2008 AND MODIFIED APRIL 23, 2008.

_____

**PETITIONER**
CRAIG CHAN
CSATF AND STATE PRISON
P.O. BOX 5242
CORCORAN, CA 93212
T-42674
IN PRO PER

CRAIG CHAN
CSATF & STATE PRISON
P.O. BOX 5242
CORCORAN, CA 93212
T-42674
IN PRO PER

IN THE SUPREME COURT OF THE

STATE OF CALIFORNIA

IN RE,                              )    NO. S160432
                                    )    SANTA CLARA COUNTY SUPERIOR
        CRAIG CHAN,                 )    COURT CASE NO. CC109395
                                    )
        ON HABEAS CORPUS.           )
                                    )

PETITION FOR REHEARING IN LIGHT OF THE RECENT DECISION
IN PEOPLE V. FRENCH, 43 CAL.4th 36, 73 CAL. RPTR. 3d,
605, FILED MARCH 27, 2008 AND MODIFIED APRIL 23, 2008.
TO THE HONORABLE PRESIDING CHIEF JUSTICE GEORGE AND THE HONORABLE
ASSOCIATE JUSTICES OF THE CALIFORNIA SUPREME COURT:

On January 30, 2008, Petitioner's petition for writ of habeas
corpus was submitted for decision. This court filed an Opinion on
July 9, 2008 and denied the petition for writ of habeas corpus.
Pursuant to Rule 25 of the California Rules of Court, Petitioner
petitions this court for a rehearing and demonstrates that because
of the recent decision in People v. French, (2008) 43 Cal.4th 36,
filed March 27, 2008 and Modified on April 23. 2008 which
invalidated a significant portion of California's Sentencing Law,
the opinion be vacated and reconsidered.

-1-

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

July 18, 2008

Craig Chan    T-42674
CSATF (E3-151)
P. O. Box 5242
Corcoran, CA 93212

### Re: S160432 – Chan (Craig) on Habeas Corpus

Dear Sir:

Returned herein is your "Petition for Rehearing" received today. Please be advised that the order filed July 9, 2008, denying your petition is final forthwith and may not be reconsidered or reinstated.

The court does not state the reason for the denial of petitions brought before it. Please rest assured, however, that the entire court considered the petition, and the contentions made therein, and the denial expresses the court's decision in this matter.

Your self-address, stamped envelope is also returned herein.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: H. Miner, Deputy Clerk

HM/hm
Enclosures



**F** **(ENDORSED)**
**I L E**
**D**

OCT 1 2 2007

KIRI TORRE
Superior Court Executive Officer/Clerk
BY_____ Santa Clara
DEPUTY

# SUPERIOR COURT OF CALIFORNIA,
# COUNTY OF SANTA CLARA

In re CRAIG CHAN                    )
                                    )   Case #: CC 109395
                                    )
              Petitioner            )
                                    )   Order re: Petition for Writ of
                                    )          Habeas Corpus
                                    )
On Habeas Corpus.                   )
_____)

Craig Chan, hereinafter Petitioner, has submitted to this court a petition for a writ of habeas corpus. Although the petition was mailed to the Superior Court of Santa Clara County petitioner labeled his petition "Sixth Appellate District Court California Court of Appeals, Santa Clara". This court will presume that Petitioner intended to file the petition in the "proper lower court" (People v. Seijas (2005) 36 Cal.4th 291, 307) citing In re Steele (2004) 32 Cal.4th 682, 692) and shall address his claims on their merits.

Petitioner petitions for a writ of habeas corpus on the following grounds: (1) that his Penal Code section 654 rights were violated by the imposition of consecutive sentences on two counts that constituted a single crime; (2) that trial counsel rendered ineffective assistance of counsel by failing to prepare for trial, failing to review the transcript of the preliminary hearing, failing to investigate or question defense witnesses, failing to file a notice of appeal, and failing to file a motion to withdraw petitioner's guilty plea; petitioner further alleges that appellate counsel rendered ineffective assistance by failing to raise the issue of trial counsel's alleged ineffective assistance; and (3) the trial judge impermissibly intervened in the plea negotiations

by indicating that if petitioner opted for trial he would likely be convicted and sentenced to a life term.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2001 petitioner was arrested and charged with sexually assaulting a 19-year-old severely retarded woman. On May 16, 2001 the Santa Clara County District Attorney filed a complaint accusing petitioner of a single count of rape of a victim incapable of giving consent in violation of Penal Code section 261(a)(1). On May 16, 2001 the District Attorney filed an amended complaint. This complaint accused petitioner of violating Penal Code section 261(a)(1) and Penal Code section 261(a)(2) (rape by force, violence, duress, menace or fear). The amended complaint further alleged that prior to the commission of the offense added by the amendment, petitioner committed the offense during the commission of a burglary, as defined in Penal Code section 460(a) with the intent to commit an offense specified in section 667.61(c) within the meaning of sections 667.61(a) and 667.61(d).

On September 21, 2001, the preliminary examination was held. In pertinent part, the victim's mother (Alyce) testified that her daughter (Angie) was 20 years old and had the mental capacity of a two month old. Angie could not speak and required 24-hour care. Angie was supposed to wear a helmet to avoid head injury during seizures. Petitioner was one of three caretakers Alyce employed to care for Angie. Although Petitioner was often alone with Angie, he was not allowed to bathe her except in a certain bathroom in the main house while in the presence of another person. On Saturday, May 12, 2001, the main house was under major construction. Alyce directed Petitioner to take Angie camping at the Mount Madonna campground where Angie often went and to return on Sunday.

Alyce's plans changed and she returned home that evening with a friend. After Alyce showed her friend the construction that was going on in the main house they went outside. When Alyce walked to the shed to get a vacuum cleaner, she noticed a pair of hiking boots outside the door to the pool house. When she looked through the window, she saw Angie's helmet. When she opened the door, she saw Petitioner standing naked with his arms wrapped around Angie, who was wearing only a towel. Although Petitioner claimed to have been showering Angie, her hair was not wet, the bathroom was mostly dry, the towel wrapped around

Angie was hardly even damp, and Petitioner and Angie could not have been in the pool house more than five minutes because Petitioner's vehicle was not on the street when Alyce arrived. Alyce immediately called 911. The police came and arrested Petitioner.

Susan Sheppard (a nurse practitioner with the Sexual Assault Response Team) testified that Angie arrived at the emergency room at 10:00 pm on May 12, 2001. A nurse screened Angie and determined that she did not have any injuries that needed immediate medical attention. On May 13, 2001, at 1:45 am, Sheppard performed a sexual assault examination on Angie. Angie had a five centimeter bruise and scratch on her right hip, a three centimeter scratch on the interior upper part of the right thigh, a five centimeter bruise on the upper inner part of the left thigh, redness in the area around the posterior fourchette, a one centimeter tear in the posterior fourchette, and areas of redness in the periurethral area and the interior part of the labia minora. In Sheppard's opinion, Angie's injuries were consistent with sexual assault. The tear in the posterior fourchette area was consistent with some type of forced penetration of the vagina, either with the finger, the penis, or some kind of object. Such a tear is not likely to occur any other way because vaginal tissue is very elastic and designed to accept something to be inserted.

At the conclusion of the preliminary examination, the parties stipulated that no semen was detected on the vaginal swabs and rectal swabs that were taken from Angie. The court found the evidence sufficient to support both of the offenses charged in the amended complaint. The court further found that, prior to the commission of the offense charged, Petitioner committed a burglary as defined in Penal Code section 460(a).

On September 28, 2001, the district attorney filed an information alleging the following: (1) rape of a victim incapable of giving consent, in violation of Penal Code section 261(a)(1); (2) rape by force, violence, duress, menace or fear, in violation of Penal Code section 261(a)(2); (3) attempted rape of a victim incapable of giving consent, in violation of Penal Code sections 664/261(a)(1); and (4) attempted rape by force, violence, duress, menace or fear, in violation of Penal Code sections 664/261(a)(2). In each count, it was further alleged that, prior to the commission of the offense charged, Petitioner committed the offense during the commission of a burglary, as defined in section 460(a), with the intent to commit an offense specified in section 667.61(c), within the meanings of sections 667.61(a) and 667.61(d).

On December 6, 2001, a change of plea hearing was held. The district attorney indicated that the People would move to amend count one to a violation of Penal Code section 261(a)(2); Petitioner would plead guilty to both counts one and two; the People would dismiss counts three and four and the section 667.61 enhancement; Petitioner would receive a 16 year prison sentence; Penal Code section 654 would not apply; and there would be no further charges added in regards to a 1999 letter written by a former client of Petitioner. Petitioner's trial counsel concurred with the prosecutor's representation as to the details of the plea agreement.

Pursuant to questioning by the trial court, Petitioner stated that he was not under the influence of any alcohol, drugs or other medication; no other promises had been made to get him to enter the plea; the plea was free and voluntary; Petitioner had a chance to discuss the case with his attorney, including all of the elements of the offense and defenses he may have; and Petitioner had no questions.

The court granted the People's motion to amend. Petitioner's trial counsel waived formal arraignment, advice and reading of the amended information. The court advised Petitioner that the remaining offenses carried up to two years in county jail or 16 years in the state prison and that, if the court wanted to do anything other than sentence him to state prison for a period 16 years, he could withdraw the plea and go to trial. Petitioner stated that he understood. The court advised Petitioner of his constitutional rights to a jury trial or a court trial if both he and the prosecutor gave up the right to a jury trial, the right to confront and cross examine witnesses, the right to remain silent, the right to testify on his behalf, and the right to produce evidence on his behalf, including using the subpoena power of the court to compel attendance of witnesses. Petitioner stated that he understood all those rights and gave them up, including the right to a trial. The prosecutor advised Petitioner that he would be required to give blood, saliva and fingerprint samples, would be tested for AIDS, would have to serve 85 percent of his sentence, should have discussed the possibility of deportation with his attorney, would no longer be able to own a firearm or ammunition for the rest of his life, and would need to fill out a statement of assets. Petitioner indicated that he understood those rights.

The court found that Petitioner voluntarily, knowingly and intelligently waived his constitutional rights. Petitioner then pleaded no contest to counts one and two. The court accepted a stipulation that Penal Code section 654 did not apply for purposes of the plea.

Petitioner's trial counsel concurred in Petitioner's waiver of rights and entry of plea. The district attorney waived the People's right to a jury trial. The parties stipulated that there was a factual basis for the plea. Based on the stipulation, the court found that there was a factual basis for the plea. Petitioner waived time for sentencing. The matter was referred to the probation department for a pre-sentence report and recommendation..

On January 24, 2002, a sentencing hearing was conducted. The district attorney had one correction to make to the sentencing report. The district attorney indicated that, when Petitioner's belongings were searched, a camera containing film was located. The film was developed by the police department. Portions of the film involved photographs of Angie. One of the photographs involved a picture of Angie's breasts, while she was wearing a lacy bra. Alyce and Angie's caretakers indicated that they had not purchased the bra.

After Alyce made a statement, the court sentenced Petitioner to the agreed upon sentence of 16 years in state prison. The court ordered Petitioner to pay a restitution fine of $6,400 in accordance with section 1202.4(b) and imposed a suspended restitution fine pursuant to section 1202.45. The court also imposed victim restitution of $200, and $500 in attorney's fees for Petitioner's court-appointed public defender under section 987.8.

On January 24, 2002, Petitioner instructed his trial counsel to file an appeal. On August 9, 2002, Petitioner wrote to the Court of Appeal and asked about the status of his appeal. On August 28, 2002, the Sixth District Appellate Program wrote to Petitioner and informed him that no notice of appeal had been filed and that they could assist him in seeking a late appeal. Petitioner requested the Sixth District Appellate Program to do so. On October 16, 2002, Petitioner executed a declaration in support of his application to file a late appeal.

On November 18, 2002, the Sixth District granted Petitioner's application for relief, provided that a notice of appeal was filed in Superior Court within 10 days. On November 20, 2002, the Sixth District Appellate Program filed a notice of appeal. On December 2, 2002, the Sixth District Appellate Program was appointed to represent Petitioner on appeal.

On appeal, Petitioner did not challenge the validity of his plea. Petitioner challenged only the trial court's order imposing $500 in attorney fees for Petitioner's court-appointed public defender. Petitioner argued that the order was erroneous because the trial court failed to make a

finding as to his "present ability to pay" the attorney fees and there was insufficient evidence for the trial court to find that he had a present ability to pay the attorney fees.

On September 19, 2003, the Court of Appeal struck the trial court's order pertaining to the $500 in attorney fees. As modified, the judgment was affirmed.

# DISCUSSION

## 1. Penal Code Section 654 Violation

Penal Code section 654 precludes multiple punishments for a single act or indivisible course of conduct. (See *People v. Hester* (2000) 24 Cal.4th 290, 294.) Ordinarily, a section 654 claim is not waived by failing to object below. However, this rule is subject to an exception: where a defendant has pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain. (Id. at 295.)

*Hester* is fatal to Petitioner's claim that his section 654 rights were violated. Petitioner faced a mandatory sentence of 25 years to life if convicted of count two and the special allegation was found to be true. Petitioner avoided the harsher sentence of 25 years to life by agreeing to plead no contest to count one (as amended) and count two in exchange for a 16 year sentence. In these circumstances, Petitioner cannot attempt to better the bargain by arguing his section 654 rights were violated by the imposition of consecutive sentences on counts one and two. Accordingly, the petition is denied as to Petitioner's claim of a section 654 violation.

## 2. Ineffective Assistance by Trial Counsel and Appellate Counsel

To establish ineffective assistance of counsel, a defendant must show: (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional

norms, and (2) counsel's deficient performance was prejudicial. Where no prejudice is shown, the court need not reach the issue of whether counsel's performance was deficient. (See *Hester* ← *supra,* 22 Cal.4th at 296.)

Petitioner argues that if his trial counsel had read the transcript of the preliminary hearing, he would have known that Petitioner had permission to enter the pool house and that Petitioner did not have enough time to commit the crime of rape because he was only on the property for a few minutes. Thus, in Petitioner's view, no life term was possible and the only crime he could have been convicted of was attempted rape. Petitioner concludes that both trial counsel and appellate counsel rendered ineffective assistance by failing to attack the plea agreement. As will be explained below, there is no merit to this argument.

Even assuming Petitioner had permission to enter the pool house, it does not follow that the Penal Code section 667.61(a)(d) special allegation was untrue. A first degree burglary is committed whenever someone enters an inhabited dwelling house with the intent to commit any felony. "Inhabited" means currently being used for dwelling purposes, whether occupied or not. (See Penal Code sections 459, 460.) As a result, even if Petitioner generally had permission to enter the pool house, if he entered with the intent to commit any felony, he would be guilty of a first degree burglary.

In support of the argument that he did not have enough time to forcibly rape Angie, Petitioner declares that he took Angie out of his Jeep and into her wheel chair, wheeled her to the pool house, disrobed Angie, put the shower cap on her, and showered her. Angie liked the shower and splashed water all over him and the floor. He then got the mop and mopped up the water on the floor and took Angie out of the shower. He did not want to get the new carpet wet, so he took off his wet clothing. He was in the process of moving Angie to the bedroom to dress her when Alyce came into the pool house.

Even if the foregoing facts are true, it does not follow that Petitioner did not have enough time to forcibly rape Angie. The crime of forcible rape is complete at the moment the male sex organ penetrates the female genitalia, however slight. (See *People v. Quintana* (2001) 89 CalApp.4th 1362, 1366.) Given the evidence that Petitioner had enough time to disrobe Angie and disrobe himself, it is reasonable to infer that he also had enough time to complete a forcible rape.

The evidence presented at the preliminary hearing shows that on May 12, 2001, Angie was a dependent adult, Petitioner was her caretaker, and Petitioner took Angie into the pool house, disrobed her and disrobed himself. Angie suffered vaginal bruising and tearing. The emergency room nurse who examined Angie testified that Angie's injuries were consistent with some type of forced penetration of the vagina, either with the finger, the penis, or some kind of object. Such circumstantial evidence is sufficient to support a conviction for a violation of section 261(a)(2) or section 288(b)(2). (See *People v. Holt* (1997) 15 Cal.4th 619,668 – 669.). Although the information did not include a charge that Petitioner committed a violation of section 288(b)(2), it easily could have been amended to include such a charge.

A conviction under section 261(a)(2) or section 288(b)(2) carries a mandatory sentence of 25 years to life if committed during the commission of a first degree burglary with intent to commit an offense specified in section 667.61(c). (See Penal Code section 667.61(a)(d).) Given the evidence that Petitioner was with Angie in the pool house for a very short time when he committed the offense, it is reasonable to infer that Petitioner entered the pool house with the intent to commit the offense. Given that Petitioner was clearly facing a mandatory prison term of 25 years to life, it cannot be said that trial counsel's performance fell below an objective standard of reasonableness under professional norms when he advised Petitioner to accept the plea bargain.

To withdraw a guilty plea, a defendant must show, by clear and convincing evidence, good cause. (See *In re Vargas* (2000) 83 Cal.App.4th 1125, 1142.) Pleas are not set aside simply because a defendant changes his mind. (Id. at 1143.) In this case, Petitioner has merely demonstrated that, after knowingly, voluntarily, and intelligently entering his plea, he changed his mind and asked his trial attorney to move to withdraw the plea. Given that Petitioner did not have a legitimate ground to move to withdraw the plea, Petitioner was not prejudiced by trial counsel's failure to bring a motion to withdraw the plea or by appellate counsel's failure to attack the validity of the plea agreement. Accordingly, the petition is denied as to Petitioner's claims of ineffective assistance of counsel.

3. Impermissible Judicial Intervention in Plea Negotiations

In support of his argument that the trial judge impermissibly intervened in plea negotiations, Petitioner declares that the judge told him that he would be convicted and then he would be sentenced to 25 years to life. Petitioner asked his attorney what he should do. Petitioner's attorney said to take the deal because he was guilty.

The transcript of the change of plea hearing indicates that the trial judge properly advised Petitioner of his constitutional rights, the terms of the plea agreement, and the consequences of the plea agreement. Petitioner knowingly, voluntarily, and intelligently waived his constitutional rights and accepted the plea agreement. The transcript is wholly devoid of any suggestion that the trial judge coerced Petitioner into accepting the plea agreement. Moreover, based upon the evidence presented at the preliminary hearing, it was reasonably likely that Petitioner would have been convicted of court two and the special allegation, which carried a *mandatory* sentence of 25 years to life. Accordingly, the petition is denied as to Petitioner's claim of impermissible judicial intervention in plea negotiations.

CONCLUSION

The petition is denied in its entirety.

Dated: _October 9, 2007_

Kevin Murphy
JUDGE OF THE SUPERIOR COURT



| IN THE SUPERIOR COURT OF CALIFORNIA IN AND FOR THE COUNTY OF SANTA CLARA | **F** (ENDORSED) **I L E D** |
|---|---|
| People of the State of California vs. Craig Chan | OCT 1 2 2007 |
| In re | KIRI TORRE Chief Executive Officer/Clerk Superior Court California, County of Santa Clara BY. **Guerra** DEPUTY |
| Craig Chan, | |
| On Habeas Corpus | |
| **PROOF OF SERVICE OF: Order in re: Habeas Corpus** | Case Number: **CC109395** |

CLERK'S CERTIFICATE OF MAILING: I certify that I am not a party to this cause and that a true copy of this document was hand-delivered into the below-listed agency's inter-office pick-up box or was mailed with first class postage fully prepaid in a sealed envelope addressed as shown below and the documents were placed for pick-up or mailed at SAN JOSE, CALIFORNIA on the date shown below. I declare under penalty of perjury that the foregoing is true and correct.

DATED: 10-12-07

Kiri Torre, Chief Executive Officer

BY: Catherine Guerra, Deputy Clerk

| Craig Chan CDC# T-42674 P.O. Box 5242 Corcoran, CA 93212 | Research Attorney Criminal Division 190 W. Hedding Street San Jose, CA 95110 (Placed in Research Attorney pick up box at HOJ) |
|---|---|
| | Office of the District Attorney 70 West Hedding Street San Jose, CA 95110 (Placed in District Attorney pick up box at HOJ) |
| | CJIC |

Proof of service
Clerk's Certificate of Service



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal Sixth App. Dist.

F I L E D

JAN 1 5 2008

MICHAEL J. YERLY, CLERK

By _____
DEPUTY

In re CRAIG CHAN,

on Habeas Corpus.

H032368
(Santa Clara County
Super. Ct. No. CC109395)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated ___JAN 1 5 2008___    ___BAMATTRE-MANOUKIAN, J.___ Acting P.J.

# PROOF OF SERVICE BY MAIL

**[CCP sec.1013A & 2015.5; 28 U. S. C. sec. 1746]**

I, _Craig Chan_ _____ AM A RESIDENT OF THE COUNTY OF
_King_ _____, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN
(18) YEARS AND (NOT) (A) PARTY TO THE FOREGOING ATTACHED CAUSE OF ACTION. MY
CURRENT ADDRESS IS:

(NAME)(CDC#) _Craig Chan, T-42674_
(BLDG. & CELL #) _E3 - 151_
PO Box # _5242_
CSATF/SP
CORCORAN, CALIFORNIA 93212-5242

ON THE _06_ DAY OF _Aug_ _____, 200_8_ I SERVED OR CAUSED TO BE
SERVED THE FOLLOWING DOCUMENTS:
    1. _Federal Writ of Habeus Corpus x 3_
    2. _Request for File Copy_
    3. _Cover Sheet_
    4. _____
    5. _____
ON THE FOLLOWING NAMED PARTY(S), AND ADDRESSED AS FOLLOWS:
1. _U.S. Dist. Court, Eastern Dist._    2. _____
  _501 - I Street Suite 4-200_
  _Sac. CA 95814_

3. _____    4. _____

THERE IS REGULAR DELIVERY BY UNITED STATES MAIL AT THE PLACE
ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BETWEEN THE PLACE OF
MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT.

DATED: _August. 8_ 200_8_.     _Craig Chan_ _____

                            DECLARANT / PETITIONER / PLAINTIFF IN PRO PER