IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRAIG CHAN,                           )     No. C 08-4064 JSW (PR)
                                      )
            Petitioner,               )
                                      )     **ORDER TO SHOW CAUSE**
    vs.                               )
                                      )     (Docket No.7)
KEN CLARK, Warden,                    )
                                      )
            Respondent.               )
                                      )
_____ )

**INTRODUCTION**

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed a motion to proceed *in forma pauperis*, which is now DENIED (docket no. 7). Petitioner must pay the filing fee within 30 days of the date of this order, as set forth below. This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted of violating two counts of California Penal Code § 261(a)(2) and sentenced to 16 years in state prison on January 24, 2002. Petitioner's appeal to the California Court of Appeal was denied. Petitioner subsequently filed for state collateral relief. His final challenge in the California Supreme Court was denied on July 9, 2008. Petitioner filed the instant federal habeas petition in the United States District Court for the Eastern District of California on August 11, 2008,

which was subsequently transferred to this Court on August 22, 2008.

**DISCUSSION**

I       Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

        It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

        The petition raises the following grounds for relief: (1) Petitioner's rights to trial by jury and due process were violated by the trial court's imposition of upper and consecutive sentences; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

        For the foregoing reasons and for good cause shown,

        1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

        2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

2

to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   March 31, 2009

_____
JEFFREY S. WHITE
United States District Judge