IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CHAN,<br><br>    Petitioner,<br><br>  vs.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | No. C 08-4064 JSW (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>**(Docket no. 21)** |

    Petitioner, a prisoner of the State of California, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In an order dated November 17, 2009, this Court dismissed the petition as untimely (docket no. 19). Petitioner has filed a notice of appeal (docket no. 21).

    Upon the filing of a notice of appeal and a request for a COA, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.*

Petitioner has not established that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Accordingly, the request for a certificate of appealability is DENIED (docket no. 21). The Clerk of Court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit. *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: June 17, 2010

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CRAIG CHAN,

        Plaintiff,

  v.

KEN CLARK et al,

        Defendant.

Case Number: CV08-04064 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Craig Chan T-42674
P.O. Box 5244
Corcoran, CA 93212-5244

Dated: June 17, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk